___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-02629-FWS-MAR | Date: December 5, 2025 |
| Title: Khanh Quang Nguyen v. Kristi Noem *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Damian Velazquez for Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [5]**

    Petitioner Khanh Quang Nguyen "seeks a Temporary Restraining Order ('TRO') requesting his immediate release from detention, on the grounds that his detention violates his procedural and substantive due process rights under the Fifth Amendment of the U.S. Constitution and the Administrative Procedure Act." (Dkt. 5 ("Application" or "App.").) The government opposes the Application. (Dkt. 7 ("Opposition" or "Opp.").) Petitioner filed a reply in support of the Application. (Dkt. 8 ("Reply").) The court held a hearing on this matter on December 2, 2025. (Dkt. 10.) For the following reasons, the Application is **GRANTED.**

**I.    Background**

    Mr. Nguyen "is a native and citizen of Vietnam." (Dkt. 7-1 ("Hernandez Decl.") ¶ 4.) In 2006, Mr. Nguyen was issued a Notice to Appear in immigration court and on October 2, 2006, Mr. Nguyen was ordered deported. (Dkt. 5-3 ¶ 5.) However, Vietnam was not accepting deportees at the time, and Mr. Nguyen was released from ICE detention on an Order of Supervision ("OSUP"). (*Id.* ¶¶ 5-6.)

    Nearly 20 years later, on or about November 21, 2025, Mr. Nguyen was taken into custody, issued a "Notice of Revocation of Release," and Immigrations and Customs Enforcement began preparing a request for travel documents to be submitted to the government of Vietnam. (Hernandez Decl. ¶¶ 20-22.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02629-FWS-MAR | Date: December 5, 2025 |
| Title: Khanh Quang Nguyen v. Kristi Noem *et al.* | |

## II. Legal Standard

The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Thus, a party seeking a temporary restraining order must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (cleaned up) (emphasis in original). "[W]hen the Government is the opposing party," the final two factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A "TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

## III. Discussion

Petitioner argues that his detention is unlawful because, broadly, Respondents violated Petitioner's procedural due process rights, substantive due process rights, and the Administrative Procedures Act. (App. at 2.) The court evaluates one of Petitioner's due process arguments—specifically that the government failed to follow its own regulations in detaining Petitioner—and finds it sufficient to support Petitioner's requested relief. *See Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (noting that a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought").

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02629-FWS-MAR                                    Date: December 5, 2025
Title: Khanh Quang Nguyen v. Kristi Noem *et al.*

### A.     Likelihood of Success on the Merits

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  U.S. Const. amend. V.  Due process rights extend to noncitizens present in the United States, including those subject to final removal orders.  *Zadyvadas v. Davis*, 533 U.S. 678, 693-94 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.  Indeed, this Court has held that the Due Process Clause protects an alien subject to a final order of deportation, though the nature of that protection may vary depending upon status and circumstance." (citation modified)).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified).

Section 1231 of Title 8 of the United States Code governs the detention and removal of noncitizens who have been ordered removed.  Two regulations governing the revocation of release are 8 C.F.R. §§ 241.13(i)(3) and 241.4(l), which require that "upon revocation" the alien "be notified of the reasons for revocation of his or her release" and given "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. §§ 241.13(i)(3) & 241.4(l).  "Both 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4 were intended to provide due process protections to noncitizens following the removal period as they are considered for continued detention, release, and then possible revocation of release."  *Constantinovici v. Bondi*, 2025 WL 2898985, at *5 (S.D. Cal. Oct. 10, 2025) (citation modified).

In this case, the court finds that the government did not adequately comply with 8 C.F.R. §§ 241.13(i)(3) and 241.4(l).  Petitioner was informed that the decision to detain him was made "based on a review of [his] official alien file and a determination that there are changed circumstances in your case."  (Dkt. 5-5.)  Courts confronted with similar language regularly find that it does not comply with 8 C.F.R. § 241.4(l)'s notice requirement.  *See, e.g.*, *Bui v. Warden of the Otay Mesa Det. Facility*, 2025 WL 2988356, at *3 (S.D. Cal. Oct. 23, 2025) (collecting cases).  Further, at the hearing on this matter, the government conceded that Petitioner was entitled to an informal interview yet did not receive one.  (*See* Dkt. 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02629-FWS-MAR | Date: December 5, 2025 |
| Title: Khanh Quang Nguyen v. Kristi Noem *et al.* | |

"It is well-established that government agencies are required to follow their own regulations." *Constantinovici*, 2025 WL 2898985, at *6 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)); *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010) ("It is a well-known maxim that agencies must comply with their own regulations."). "Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" *Constantinovici*, 2025 WL 2898985, at *6 (quoting *Rokhfirooz v. Larose*, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025)) (collecting cases).

Accordingly, the court joins the growing weight of authority holding that the failure to provide the required notice and interview constitutes a due process violation.

### B. Irreparable Harm

Under the second *Winter* factor, the court considers whether Petitioner is "likely to suffer irreparable harm in the absence of [injunctive] relief." *Winter*, 555 U.S. at 20. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the due process clause protects. *Id.*; *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (recognizing "irreparable harms imposed on anyone subject to immigration detention."). Respondents argue that Petitioner's harm can be cured by receiving a more fulsome notice and an interview, but "providing Petitioner an interview *ex post* facto, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release." *Esmail v. Noem*, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025). "Given the Court's finding that Petitioner is likely to succeed on at least one of his claims, Petitioner has established an immediate threatened injury. Therefore, the second *Winter* factor favors Petitioner." *Phakeokoth v. Noem*, 2025 WL 3124341, at *5 (S.D. Cal. Nov. 7, 2025).

### C. Balance of the Equities

"The balance of the equities and public interest analyses merge when the government is the opposing party, as is the case in this action." *Hoac v. Becerra*, 2025 WL 1993771, at *6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02629-FWS-MAR | Date: December 5, 2025 |
| Title: Khanh Quang Nguyen v. Kristi Noem *et al.* | |

(E.D. Cal. July 16, 2025). "'Just as the public has an interest in the orderly and efficient administration of this country's immigration laws, [ ] the public has a strong interest in upholding procedural protections against unlawful detention.'" *Id.* (quoting *Vargas v. Jennings*, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020)). Here, the Court finds that the "balance of equities and public interest 'tips sharply' in favor of [Petitioner]." *Delkash v. Noem*, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (ordering release where the petitioner had been detained without notice and an opportunity to be heard).

"Petitioner has demonstrated that he is likely unlawfully detained in violation of his due process rights and is suffering the harms of immigration detention." *Hoac*, 2025 WL 1993771, at *6. "On the other hand, the burden on Respondents in releasing Petitioner from detention is minimal[.]" *Id.* "In short, the *Winter* Factors weigh heavily in favor of granting the EPA with respect to Petitioner's wrongful detention claims." *Esmail v. Noem*, 2025 WL 3030590, at *8–9 (C.D. Cal. Sept. 12, 2025).

## IV. Disposition

For the reasons stated above, the court **GRANTS** the Application.[1] Accordingly, the court **ORDERS** Respondents to transfer Petitioner back to the Central District of California ("CDCA"),[2] and release him from custody on or before **December 8, 2025, at 1:00 p.m. Pacific Standard Time**. Petitioner shall be released on the original OSUP under the terms and conditions existing as if Petitioner had not been detained. "To be clear, this Order does not provide [Petitioner] with blanket immunity from future removal—that is outside the Court's power for the reasons discussed above—but any future enforcement actions after release must comply with the required procedures." *Delkash*, 2025 WL 2683988, at *7.

___

[1] Nothing in this Order prevents future lawful immigration proceedings related to Petitioner.
[2] At the hearing, the parties agreed that Petitioner had been transferred to the state of Washington and Petitioner's counsel requested that he be transferred back to this district. (*See* Dkt. 10.) At the hearing, the court initially indicated that it was not going to order the transfer of Petitioner to the CDCA. The court has reconsidered the issue, and now grants Petitioner's request to be transferred back to the CDCA consistent with his release.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02629-FWS-MAR | Date: December 5, 2025 |
| Title: Khanh Quang Nguyen v. Kristi Noem et al | |

    Finally, Respondents are **ORDERED** to show cause in writing on or before **December 12, 2025,** as to why the court should not issue a preliminary injunction. Petitioner may file a response on or before **December 18, 2025**. The matter will then be taken under submission; absent further order of the court, no hearing will be held.